AMY T. STADLER,

               Plaintiff,

                                        Case No. 26-cv-1102-bhl

     v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

## ORDER DENYING MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

On June 19, 2026, Plaintiff Amy Stadler filed a complaint seeking review of the decision of the Commissioner for Social Security. (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepaying the filing fee or *in forma pauperis* (IFP) utilizing the Court's local form. (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

In her motion, Stadler states that she earns $1,200 each month working at Child and Family Center of Excellence and her spouse receives another $1,300 per month in veteran's disability income. (ECF No. 2 at 2.) She further reports that her monthly expenses total $2,160. (*Id.* at 2–3.) She owns valuable personal property, including a 2015 Dodge van valued at $5,000 and a 2018 Jeep valued at $6,000. (*Id.* at 3.) She owns her house, in which she has approximately $40,000 in equity, and she has $1,000 in cash or checking, savings, or another similar account. (*Id.*) She asks the Court to consider "[d]octors and medical" as an additional circumstance. (*Id.* at 4.)

On these facts, the Court will deny Stadler's motion, because she is not sufficiently indigent to warrant a fee waiver. The decision to waive a filing fee is not taken lightly; filing fees are recoverable as costs if a plaintiff prevails. Fed. R. Civ. P. 54(d); 28 U.S.C. §2412(d)(1)(A). While a plaintiff need not show that she is totally destitute to establish indigence, *Zaun v. Dobbin*, 628

F.2d 990, 993 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The total cost of filing a civil action is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. This fee is imposed for all civil cases, including Social Security appeals. Stadler, in combination with her spouse, makes $2,500 a month, owns $51,000 in property, and has $1,000 in liquid assets. She can use her combined income or portions of her existing assets to afford and pay the filing fee. Indeed, she is in significantly better financial condition than many litigants in this Court and has the financial resources to facilitate payment of the filing fee. The Court will give Stadler **thirty (30) days** from the date of this Order to pay the filing fee. If she does not pay, her case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Accordingly,

**IT IS HEREBY ORDERED** that Stadler's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**. Stadler has until **July 23, 2026** to pay the filing fee; otherwise, her case will be dismissed without prejudice for failure to prosecute under Civ. L. R. 41(c).

Dated at Milwaukee, Wisconsin on June 23, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge